IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-49-D

| | |
|---|---|
| CHANDRA FULLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF RALEIGH, ) | |
| ) | |
| Defendant. ) | |

On August 30, 2023, Chandra Fullard ("Fullard" or "plaintiff") filed a complaint against the City of Raleigh ("City of Raleigh" or "defendant") alleging sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., [D.E. 1]. On October 30, 2023, the City of Raleigh moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted [D.E. 9] and filed a memorandum in support [D.E. 10]. On November 2, 2023, Fullard amended her complaint and alleges Title VII sexual harassment, sex discrimination, and retaliation claims. See [D.E. 11] ¶¶ 42–68. Fullard seeks compensatory damages, attorneys' fees, pre- and post-judgment interest, costs, and any other appropriate relief. See id. at 10. On November 13, 2023, Fullard responded in opposition to the motion to dismiss [D.E. 13]. On November 17, 2023, the City of Raleigh moved to dismiss the amended complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted [D.E. 14] and filed a memorandum in support [D.E. 15]. On November 30, 2023, Fullard responded in opposition [D.E. 16]. On December 13, 2023, the City of Raleigh replied [D.E. 17]. As explained below, the court dismisses as moot the City of

Raleigh's motion to dismiss the original complaint and grants the City of Raleigh's motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Fullard failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); therefore, her Title VII claims are not actionable.

I.

On June 1, 2021, Fullard began working for the City of Raleigh as a Training and Development Analyst. See Am. Compl. [D.E. 11] ¶¶ 9–10. Between August and October 2021, Fullard alleges that her supervisor, Dominick Nutter ("Nutter"): (1) asked her to move her chair closer to his desk in a closed-door meeting; (2) starred at her breasts, after asking her to move closer to him, during a seven-minute training video; (3) touched her breasts when grabbing items from her; (4) made inappropriate comments such as "You're buttering the wrong bread, I'm the one you need to talk to if you want to get what you need," "I'll give you everything you need," and "I don't want you anymore, I want [a female family member of Fullard's]"; (5) demanded that she visit his office for no reason; and (6) made sexual comments while licking his lips on a ten minute Microsoft Teams call. Id. at ¶¶ 14–23. In October 2021, Fullard complained to Human Resources. See id. at ¶¶ 22–25. The City of Raleigh conducted an internal investigation. See id. at ¶ 25. On January 4, 2022, the investigation concluded and substantiated Fullard's claims against Nutter. See id. at ¶ 30. The City informed Fullard she could either change supervisors and have minimal interaction with Nutter or change positions. See id. at ¶ 31. Fullard wanted Nutter removed from his position and to continue in her same position. See id. at ¶¶ 31–32. Fullard refused to return to work. See id.

On February 1, 2022, the City of Raleigh terminated Fullard's employment. See id. at ¶ 34. The City of Raleigh and Fullard attempted to negotiate a settlement agreement until July 22, 2022, but they failed to reach an agreement. See [D.E. 16] 3; [D.E. 17] 1. On September 27, 2022, Fullard

filed a charge of discrimination with the EEOC. See Am. Compl. ¶ 2. On June 4, 2023, the EEOC issued Fullard right to sue notice. See id. at ¶ 39.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and

3

there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Before a person may file a claim in court under Title VII, the person must file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(f)(1). An EEOC charge suffices "only if it is sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quotation omitted); see Miles v. Dell, Inc., 429 F.3d 480, 491–92 (4th Cir. 2005). Moreover, the content of the EEOC charge determines the scope of plaintiff's right to maintain a Title VII claim in court. See, e.g., Hentosh v. Old Dominion Univ., 767 F.3d 413, 416–17 (4th Cir. 2014), abrogated on other grounds by Fort Bend Cnty. v. Davis, 139 S. Ct. 1843 (2019); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); see Sydnor v. Fairfax Cnty., 681 F.3d 591, 594 (4th Cir. 2012); Miles, 429 F.3d at 491–92; Bryant, 288 F.3d at 132–33. "Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009), abrogated on other grounds by Davis,

4

139 S. Ct. 1843; Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011). The same principle applies with respect to a plaintiff who files an EEOC charge with respect to one adverse employment action (such as a failure to rehire), but then seeks to expand the formal litigation claim to a separate adverse employment action (such as an earlier termination). See Bonds, 629 F.3d at 379–80; Jones, 551 F.3d at 300; Miles, 429 F.3d at 491–92; Chacko, 429 F.3d at 509; Bryant, 288 F.3d at 132–33; Evans, 80 F.3d at 963. The rationale behind these principles concerning the scope of an EEOC charge relates to providing fair notice to an employer concerning a charge and to permitting the EEOC to investigate and (if appropriate) resolve the dispute without a lawsuit. See, e.g., Chacko, 429 F.3d at 508–09, 513; Miles, 429 F.3d at 491.

Under Title VII, Fullard had to file her EEOC charge within 180 days of the alleged adverse employment action. See, e.g., 42 U.S.C. § 2000e-5(e)(1), (f)(1); Davis, 139 S. Ct. at 1846; Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109–15 (2002); E.E.O.C. v. Com. Off. Prods. Co., 486 U.S. 107, 110 (1988); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bryant, 288 F.3d at 132; Donald v. Novant Health, Inc., ___ F. Supp. 3d ___, 2023 WL 5672832, at *3 (E.D.N.C. Sept. 1, 2023); Coleman v. Altec, Inc., No. 5:16-CV-954, 2018 WL 4289610, at *2 (E.D.N.C. Sept. 7, 2018) (unpublished); Young v. Onslow Water & Sewer Auth., No. 7:16-CV-259, 2018 WL 405975, at *4 (E.D.N.C. Jan. 12, 2018) (unpublished); Barcliff v. N.C. League of Municipalities, No. 5:10-CV-244, 2011 WL 3290578, at *2 (E.D.N.C. Aug. 1, 2011) (unpublished); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539 (E.D.N.C. 2008); McDougal-Wilson v. Goodyear Tire & Rubber Co., 427 F. Supp. 2d 595, 606 n.3 (E.D.N.C. 2006). If a party fails to timely file an EEOC charge, the party "lose[s] the ability to recover for" that claim because the claim is not "actionable." Morgan, 536 U.S. at 110, 113. Only adverse employment actions "that took place within the timely filing period are actionable." Id. at 114; see Ledbetter v. Goodyear Tire &

5

Rubber Co., 550 U.S. 618, 623–24 (2007), superseded by statute on other grounds, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; Williams, 370 F.3d at 428; Evans, 80 F.3d at 963; Donald, 2023 WL 5672832, at *3; Coleman, 2018 WL 4289610, at *2; Young, 2018 WL 405975, at *4–5; Cooper v. Smithfield Packing Inc., No. 5:10-CV-479, 2011 WL 3207912, at *3 (E.D.N.C. July 27, 2011) (unpublished); Barcliff, 2011 WL 3290578, at *4; McDougal-Wilson, 427 F. Supp. 2d at 606 n.3.

On February 1, 2022, the City of Raleigh terminated Fullard's employment. See Am. Compl. ¶ 34. Fullard alleges no discriminatory actions or adverse employment actions after this date. See id. at ¶¶ 9–33, 35–41. Thus, on February 1, 2022, Fullard's EEOC filing period began running. See, e.g., Morgan, 536 U.S. at 109–14; Del. State Coll. v. Ricks, 449 U.S. 250, 257–58 (1980). Sunday, July 31, 2022 was 180 days after the alleged "discrete retaliatory or discriminatory act." Morgan, 536 U.S. at 110; see 42 U.S.C. § 2000e-5(e)(1). On Tuesday, September 27, 2022, Fullard filed her EEOC charge. See Am. Compl. ¶ 2. Fullard's EEOC charge was untimely. See, e.g., Morgan, 536 U.S. at 110–14; Ricks, 449 U.S. at 257–58.

Fullard argues that the City of Raleigh did not object during the EEOC's investigation or in its motion to dismiss her original complaint that her EEOC charge was untimely. See [D.E. 16] 3. Thus, according to Fullard, the City of Raleigh forfeited its argument that her EEOC charge was untimely. See id. Fullard also argues that the EEOC issued her a right to sue notice on June 4, 2023; therefore, the EEOC must have considered her EEOC charge to be timely. See id.

"Forfeiture is the failure to make the timely assertion of a right . . . ." Hamer v. Neighborhood Hous. Servs., 583 U.S. 17, 20 n.1 (2017) (cleaned up). Once Fullard amended her complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1), Fullard's amended complaint became the operative complaint in the case, and the City of Raleigh had to timely respond

6

to the amended complaint. See Fed. R. Civ. P. 15(a)(3). The City of Raleigh did so by moving to dismiss the amended complaint and argued, inter alia, that Fullard failed to timely file her EEOC charge. See [D.E. 14]; Fed. R. Civ. P 12(b)(6). The City of Raleigh's failure to raise the untimeliness of Fullard's EEOC change concerning Fullard's original complaint did not forfeit the City of Raleigh's ability to raise the argument concerning Fullard's amended complaint. See, e.g., Wood v. Milyard, 566 U.S. 463, 470–71 (2012); Woodson v. Allstate Ins. Co., 855 F.3d 628, 635 (4th Cir. 2017). Likewise, the EEOC's decision to issue a right to sue notice and failure to address the timeliness of Fullard's EEOC charge do not bind this court because Title VII claims are litigated de novo in district court. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974); Nealon v. Stone, 958 F.2d 584, 588 (4th Cir. 1992); Rojea v. Cregger, No. 3:19-CV-619, 2021 WL 1899878, at *4 (W.D.N.C. Feb. 24, 2021) (unpublished), report and recommendation adopted, No. 3:19-CV-619, 2021 WL 1233461 (W.D.N.C. Apr. 1, 2021) (unpublished), aff'd, 858 F. App'x 655 (4th Cir. 2021) (per curiam) (unpublished) (rejecting the argument that the receipt of a right to sue notice overrides the 180-day deadline).

Finally, Fullard seeks equitable tolling. The 180-day time requirement for filing an EEOC charge is subject to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements." Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 256 (2016) (quotation omitted); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling requires a litigant to establish: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Menominee Indian Tribe of Wis., 577 U.S. at 255 (quotation omitted). The "second prong of the equitable tolling test is met only where

7

the circumstances that caused a litigant's delay are both extraordinary and beyond its control." Id. at 257 (emphasis removed); see Credit Suisse Secs. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012); Pace, 544 U.S. at 418; Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

Courts have applied equitable tolling in "two generally distinct kinds of situations." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quotation omitted). "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Id. (quotation omitted). "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id.; see Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990). "To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.; see Menominee Indian Tribe of Wis., 577 U.S. at 255–57; Pace, 544 U.S. at 418–19; Irwin, 498 U.S. at 96; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151–52 (1984) (per curiam); Rouse v. Lee, 339 F.3d 238, 246–57 (4th Cir. 2003) (en banc); English v. Pabst Brewing Co., 828 F.2d 1047, 1049–51 (4th Cir. 1987); Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128–29 (4th Cir. 1987); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965–66 (4th Cir. 1982); Lawson v. Burlington Indus., Inc., 683 F.2d 862, 864 (4th Cir. 1982).

8

"Equitable tolling is a narrow limitations exception . . . ." Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990). "Courts cannot countenance ad hoc litigation for every missed deadline. The repose that statutes of limitations provide will be lost if their applicability is 'up for grabs' in every case." Id. (quoting English, 828 F.2d at 1049). "At some point, the right to be free of stale claims comes to prevail over the right to prosecute them." Id. (cleaned up). "The limitations period will not be tolled unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Id. (quotation omitted).

Fullard is not entitled to equitable tolling. Fullard alleges no wrongful conduct by the City of Raleigh. Moreover, any ongoing settlement discussions with the City of Raleigh do not qualify as an "extraordinary" circumstance "beyond plaintiff's control" that "made it impossible to file" an EEOC charge within 180 days of any adverse employment action. Harris, 209 F.3d at 330; see Menominee Indian Tribe of Wis., 577 U.S. at 255–57; Simmonds, 566 U.S. at 227; Pace, 544 U.S. at 418; Irwin, 498 U.S. at 96; Olson, 904 F.2d at 201. Thus, equitable tolling does not apply.

III.

In sum, the court DISMISSES AS MOOT defendant's motion to dismiss the original complaint [D.E. 9] and GRANTS defendant's motion to dismiss the amended complaint [D.E. 14]. The court DISMISSES WITH PREJUDICE plaintiff's amended complaint.

SO ORDERED. This 22 day of January, 2024.

JAMES C. DEVER III
United States District Judge

9